

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-18-00207-CR

---

IN RE ANDRE RENOR EVANS

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

Andre Renor Evans, proceeding pro se, has petitioned this Court for mandamus relief. Evans asks us to compel the Honorable Ralph Strother, judge of the 19th Judicial District Court, McLennan County, to rule on his claim of double jeopardy, among other things.[1] This Court has jurisdiction to issue a writ of mandamus against "a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district." TEX. GOV'T CODE § 22.221(b)(1) (West Supp. 2018). McLennan County, however, is not within the territorial jurisdiction of this Court.[2] TEX. GOV'T CODE ANN. § 22.201(g). Accordingly, we have no authority to address the merits of the issues raised in Evans' petition.

---

[1]Evans has previously filed a petition for writ of mandamus in this Court. *See In re Evans*, No. 06-18-00172-CR, 2018 WL 5259783, at *1 (Tex. App.—Texarkana Oct. 23, 2018, orig. proceeding). In that opinion, we erroneously named the respondent court as the 194th Judicial District Court of McLennan County. The correct respondent court in that case—as in this case—is the 19th Judicial District Court of McLennan County. Portions of Evans' petition for writ of mandamus appear to take issue with our decision in cause number 06-18-00172-CR, and portions of his petition appear to take issue with the appeal of his underlying conviction.

[2]Section 22.201(g) of the Texas Government Code states, "The Sixth Court of Appeals District is composed of the counties of Bowie, Camp, Cass, Delta, Fannin, Franklin, Gregg, Harrison, Hopkins, Hunt, Lamar, Marion, Morris, Panola, Red River, Rusk, Titus, Upshur, and Wood." TEX. GOV'T CODE ANN. § 22.201(g) (West Supp. 2018).

We deny the petition for writ of mandamus.[3]



Ralph Burgess
Justice

Date Submitted:      December 6, 2018
Date Decided:        December 7, 2018

Do Not Publish

---

[3]This petition for writ of mandamus does not implicate our mandate issued in the underlying appeal. *See Evans v. State*, No. 06-16-00064-CR, 2017 WL 1089806 (Tex. App.—Texarkana Mar. 22, 2017, pet. ref'd) (mem. op., not designated for publication).